# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

----------------
No. 97-40450
Summary Calendar
----------------

BILLY ALVIN JOHNSON; JOHN S. DRISCOLL

Plaintiffs-Appellants,

versus

JACKSON COUNTY HOSPITAL DISTRICT, CECELIA FRENCH,
Individually and as a Member of Board of Directors of Jackson County
Hospital District; RON WALKER, Individually and as Member of Board
of Directors of Jackson County Hospital District; RODNEY ROBERSON,
Individually and as Member of Board of Directors of Jackson County
Hospital District; BERTHA DELL MCDOWELL, Individually and as
Member of Board of Directors of Jackson County Hospital District;
JAMES WHITLEY, Individually and as Member of Board of Directors
of Jackson County Hospital District; JOYCE STRELEC, Individually
and as Chairperson of Board of Directors of Jackson County Hospital
District; ALBERT WITTNEBEN, M.D.

Defendants-Appellees.

--------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
(V-95-CV-42)
--------------------------------------------------------
September 17, 1997

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

The plaintiffs, Billy Alvin Johnson and John S. Driscoll, sued the defendants, Jackson County

Hospital District (JCHD), Cecilia French, Ron Walker, Rodney Roberson, Berth Dell McDowell,

James Whitley, and Joyce Strelec,[1] alleging, among other claims, that the defendants violated their

First Amendment rights as well as Texas law by firing them for engaging in protected speech. The

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] On August 4, 1995, the district court dismissed one of the original defendants in this case, Albert R. Wittneben. The plaintiffs do not contest the propriety of this dismissal.

district court granted the defendants' motion for summary judgment on these two claims because the plaintiffs failed to provide evidence that they were discharged because of their speech.[2] In denying the plaintiffs' motion to alter or amend this ruling, the district court refused to consider additional deposition testimony that was not part of the summary judgment record.

The plaintiffs raise two claims on appeal. First, that the district court abused its discretion by refusing to consider, after it had already granted summary judgment, the deposition testimony of Francine Garza, a Medical Records Technician at JCHD.[3] Second, that the district court erred in concluding that they had failed to produce evidence showing that they were discharged for engaging in speech protected by the First Amendment and the Texas "Whistleblower" Act, Tex. Gov't Code Ann. §§ 554.001 - .009.

To prevail on their first claim, the plaintiffs must demonstrate that the district court should have considered the Garza deposition after evaluating "the reasons for the moving party's default, the importance of the omitted evidence to the moving party's case, whether the evidence was available to the non-movant before she responded to the summary judgment motion, and the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened." Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990). Under these factors, the district court did not abuse its discretion by excluding this evidence.

The plaintiffs began but did not finish Francine Garza's deposition on July 19, 1996. Although the district court later granted the plaintiffs' request to extend the deadline for responding to the defendants' motion for summary judgment to September 19, 1996, the plaintiffs did not complete the

---

[2] The district court disposed of the plaintiffs' remaining claims and entered its award of final judgment on March 17, 1997. As noted below, this appeal concerns only the district court's disposition of the plaintiffs' claims alleging that they were discharged in violation of the First Amendment and Texas law for engaging in protected speech.

[3] The district court also refused to consider several of the plaintiffs' exhibits because they were inadmissible hearsay. Although the plaintiffs contest this determination on appeal, we need not consider the propriety of this ruling because the excluded evidence, even if admissible, does not show that the plaintiffs were fired because of their speech. See infra.

Garza deposition until September 23, 1996. The plaintiffs have proffered no justification for this delay. Further, the plaintiffs later supplemented the summary judgment record but inexplicably failed to provide the court with Garza's testimony at that or any other time before the district court's summary judgment ruling on February 3, 1997.

The plaintiffs argue that notwithstanding their unjustified untimeliness, the importance of Garza's testimony demonstrates that it should have been considered by the district court. While it is true that a portion of Garza's testimony arguably supports an inference that Driscoll was fired because of his speech, the plaintiffs' failure to furnish the district court with this unquestionably available testimony weighs heavily against them in the balancing of interests. We therefore find that the district court did not abuse its discretion in refusing to consider this untimely evidence. See id. at 175 ("[I]t would be a mistake to infer from our decision that attorneys practicing in this circuit may now ignore deadlines for the submission of evidence with impunity.").

To avoid summary judgment on their First Amendment and Whistleblower Act claims, the plaintiffs must proffer enough evidence to create a genuine issue of material fact as to whether they were discharged because of their speech. See Mt. Healthy City Sch. Dist. v. Doyle, 429 U.S. 274, 287 (1977) (requiring a plaintiff alleging termination in violation of the First Amendment to show that his speech was a "substantial" or "motivating" factor in the employer's decision to end his employment); City of Beaumont v. Bouillion, 896 S.W.2d 143, 145 (Tex. 1995) (noting that a terminated public employee must show that his dismissal "stem[s] from the report of a violation to an appropriate law enforcement agency"). There was, however, no evidence of causation in the summary judgment record before the district court.

The record reflects that in January 1995, JCHD's Board of Governors (the Board) learned that the hospital had been quite unprofitable in fiscal year 1994 under the leadership of Johnson, the Hospital Administrator, and Driscoll, the Director of Nursing. Two months later, after deciding that the hospital would benefit from new leadership, the Board fired those it believed were responsible for the losses: Johnson, Driscoll, and one other member of the hospital's management team.

3

During this same period of time, the plaintiffs were also criticizing the Board and others at the hospital for potential misconduct. The plaintiffs believed, for example, that certain meetings conducted by members of the Board in December 1994 violated the Texas Open Meetings Act. Driscoll claims to have reported these allegedly unlawful meetings to the local district attorney. The district attorney, however, has no record of this report. More importantly, Driscoll did not inform the Board of his concerns, and there is no evidence suggesting that the Board knew of this report before it discharged Driscoll. Two other hospital employees later wrote a letter to the district attorney informing him of these meetings. Although he did not sign it, Johnson claims to have approved this letter. The plaintiffs, however, presented no evidence suggesting that the Board knew of Johnson's silent role in preparing this letter. Further, there is no evidence suggesting that the Board knew of this letter before it fired Johnson. Thus, the plaintiffs cannot avoid summary judgment on their claims that they were fired for making these reports because the evidence does not show that the defendants were aware of the speech that allegedly prompted their retaliation.

Similarly, summary judgment was also appropriate on Driscoll's claim that he was fired because he criticized the Board's decision to purchase expensive furniture during a February 1995 Board meeting. Aside from an inference of causation based on the timing of this statement and Driscoll's discharge, there is no evidence linking these two acts. Standing alone, however, this inference cannot satisfy the plaintiff's burden of production on causation because the Board has presented a lawful justification for his termination. See, e.g., Swanson v. General Servs. Admin., 110 F.3d 1180, 1188 (5th Cir. 1997) ("Close timing between an employee's protected activity and an adverse action against him may provide the `causal connection' required to make out a *prima facie* case of retaliation. However, once the employer offers a legitimate, nondiscriminatory reason that explains both the adverse action and the timing, the plaintiff must offer some evidence from which the jury may infer that retaliation was the real motive."); Tex. Gov't Code Ann. § 544.004 (noting that proximity in time simply creates a rebuttable presumption); Garza v. City of Mission, 684 S.W.2d 148, 151-52 (Tex. Ct. App. 1984) (noting that the inference of causation derived from proximity in

time can stand only in the absence of evidence to the contrary).

There is also no evidence linking the plaintiffs' terminations with their roles in preparing a misconduct report. A few weeks before he was dismissed, Driscoll discussed with the Board his concerns about his nursing staff. After this discussion, Driscoll and another hospital employee sent a letter to the Board of Nursing Examiners detailing the misconduct of a particular nurse. Driscoll did not inform the Board of this report. Although he did not sign it, Johnson claims to have approved this letter. There is, however, no evidence indicating that the Board knew of Johnson's silent role in preparing this letter. In fact, there is no evidence suggesting that the Board knew of the letter before it discharged the plaintiffs. Thus, the causation element of Johnson's claim is entirely unsupported, and the only fact supporting Driscoll's causation argument is that he was discharged shortly after raising his concerns with the Board. The inference of causation derived from this fact, however, cannot withstand the defendants' motion for summary judgment. See, e.g., Swanson, 110 F.3d at 1188; Tex. Gov't Code Ann. § 544.004; Garza, 684 S.W.2d at 151-52.

In sum, the evidence proffered by the plaintiffs does not create a genuine issue of material fact regarding the Board's reason for their discharges. Therefore, we AFFIRM the judgment of the district court.